Ryan P. Henson, Esq., ISB 6617
Bevis Thiry & Schindele P.A.
412 E. Parkcenter Blvd. #211
PO Box 827
Boise, ID 82701-0827
Phone: (208) 345-1040
Fax: (208) 345-0365
rhenson@bevislaw.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| DUSTIN INGRAM, FELISHA INGRAM, and L.I., Z.I., and D.I., minors, by and through their Guardian ad Litem, Seth Downham,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>KATIE MOUSER, ADA COUNTY SHERIFF'S DEPARTMENT, JESSICA JOHNSON, ST. LUKE'S CHILDREN'S HOSPITAL, AMY L. BARTON, M.D., STATE OF IDAHO, IDAHO DEPARTMENT OF HEALTH AND WELFARE, and DOES 1 through 50 Inclusive,<br><br>　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br>1. Violation of Civil Rights (42 USC §1983 Fourth Amendment);<br>2. Violation of Civil Rights (42 USC §1983 First and Fourteenth Amendment);<br>3. Violation of Civil Rights (42 USC §1983 First, Fourth, and Fourteenth Amendments)<br>4. *Monell* related claims (42 USC §1983)<br>5. Injunctive Relief.<br><br>JURY TRIAL REQUESTED |

Plaintiffs allege as follows:

1.　　Plaintiffs assert that the statutory or other basis for the exercise of jurisdiction in this United States Federal District Court is based upon a federal question asserted under

42 U.S.C. §1983 as violations of Plaintiffs' rights under the United States Constitution and laws, including those under the First, Fourth and Fourteenth Amendments which Plaintiffs request be tried and heard before a jury.

2. At all relevant times mentioned in this Complaint, Plaintiffs were residents of the State of Idaho. Seth Downham has made application to be appointed as Guardian ad Litem for minors L.I., Z.I., and D.I. in this action, which application is being filed concurrently herewith.

3. At all times mentioned herein, Defendant STATE OF IDAHO (hereinafter "STATE") was and is a public entity. The Idaho Department of Health and Welfare, Family and Children's Services is a subdivision of the STATE.

4. At all times mentioned herein, Defendant KATIE MOUSER (hereinafter "Mouser") was a social worker with the Department of Health and Welfare, Family and Children's Services ("FCS"), and in that capacity was and is an agent and/or employee of the STATE.

5. At all times mentioned herein, Defendant Ada County Sheriff's Department (hereinafter "ACSD") was and is a public entity organized and existing in the State of Idaho.

6. At all times mentioned herein, Defendant JESSICA JOHNSON (hereinafter "Johnson") was a Detective with ACSD, and in that capacity was and is an agent and/or employee of ACSD.

7. At all times mentioned herein, Defendant ST. LUKE'S CHLDREN'S HOSPITAL (hereinafter "St. Luke's") was and is an entity, form or forms unknown, organized and existing in the State of Idaho. Plaintiffs are informed and believe, and based thereon allege, that the State contracts with St. Luke's to operate the Children At Risk Evaluation Services ("CARES") unit, which conducts forensic physical examinations and forensic interviews of children removed from the care, custody and control of their parents by the

State, and that. Plaintiffs are informed and believes, and based thereon alleges, that the CARES Unit was and is a program, service, or subdivision of St. Luke's.

8. At all times mentioned herein, Defendant AMY L. BARTON, M.D. (hereinafter "Dr. Barton") was a physician employed by or contracted by St. Luke's and/or the State to conduct physical examinations for the State at the CARES unit, and in that capacity was and is an agent and/or employee of St. Luke's and/or the State.

9. Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as Does 1-50, inclusive, and therefore sue them by such fictitious names. Plaintiffs will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained.

10. Plaintiffs are informed and believe and, based upon such information and belief allege that each of the Defendants is responsible in some manner for the events and happenings referred to herein and was the legal cause of injury and damages to Plaintiffs as herein alleged.

11. Plaintiffs are informed and believe and, based upon such information and belief allege, that, at all times herein mentioned, each and every Defendant was the agent and/or employee of their co-defendants, and each of them, acting at all relevant times herein under color of the authority of a governmental entity under the statutes, ordinances, regulations, customs and usage of the State of California and/or the United States Constitution and related laws.

## COMMON ALLEGATIONS

12. DUSTIN INGRAM ("DUSTIN") is the natural father of Minors L.I. (born 2008), Z.I. (born 2010), and D.I. (born 2012). FELISHA INGRAM ("FELISHA") is the natural mother of said Minors.

13. In August 2017, the Ingram family was living in an RV in a park outside of Boise Idaho. Dustin was working two jobs to provide income and support for his family. Dustin

was trying to earn enough money to get the family out of the RV and into an apartment, as it was difficult for the family of 5 to live in the RV.

14. On August 11, 2017, DCS received a referral for concerns of physical abuse. It was reported that Z.I. had an unexplained black eye and there were concerns it was caused by a caregiver. It was also reported that there were "yelling, cussing and crashing" sounds often coming from the family hone.

15. On the same date, DCS social worker Dawn Doepke responded to the residence along with Ada County Sheriff's Deputies Rupert and Case. Doepke reported that she spoke to Felisha, who advised the family had recently moved to Boise from Washington State. Felisha informed Doepke that Z.I. received the black eye from wrestling with his brother. Doepke noted a minor injury on L.I.'s hand, which Felisha advised as a burn caused by L.I. grabbing a cup of hot water out of the microwave. After speaking with Doepke for several minutes, Felisha informed Doepke that she would feel more comfortable speaking with her further when her husband was home. Doepke and the officers left the premises, leaving all three children in the care, custody and control of their parents.

16. Five days later, on August 16, 2017, DCS social worker Katie Mouser returned to the Ingram trailer, this time with Detective Jessica Johnson. Felisha and Dustin allowed Mouser and Johnson to enter the residence. Mouser and Johnson observed the residence, which they reported as being cluttered and dirty. They also reported that Z.I. and D.I. appeared to be dirty. Johnson did report there was food for the children within the residence. Neither Mouser or Johnson found any signs of abuse or that the children were in imminent danger of serious bodily injury.

17. Mouser and Johnson intended to remove the children from Dustin and Felisha's care when they returned to the residence without a warrant and have a physical examination of the children performed. There is evidence that at one point during the encounter, and unbeknownst to Dustin and Felisha, Johnson commented to Mouser that

they needed to hurry because they had an appointment for the children to be examined by a doctor that was arranged before Mouser and Johnson returned to the residence. This evidence is a recording made by Mouser that was not known to Dustin and Felisha until long after the removal and detention of the children.

18. After inspecting the residence, Defendants Mouser and Johnson did remove the Minor Plaintiffs from their parents' care, custody and control, as they had planned even before they arrived at the residence. Defendants Mouser and Johnson did not have a warrant, court order, exigent circumstances, or parental consent to remove the Minor Plaintiffs from their parents' care, custody and control.

19. Following their removal, and as had been already scheduled before they removed the children, Mouser and Johnson took the Minor Plaintiffs to St. Luke's CARES unit, where Dr. Barton conducted complete physical examinations on each of the children, including examination of their genitals. These examinations were conducted without court order or warrant, and without notice to, consent of, or the presence of either Dustin or Felisha.

20. Plaintiffs are informed and believe that St. Luke's regularly collaborates with the State and with ACSD in performing forensic medical examinations on children removed from their parents, and that it has a written contract with the State and/or ACSD to conduct such examinations. Plaintiffs are further informed and believe that St. Luke's conducts the forensic medical examinations pursuant to the contract and at the specific request and direction of ACSD and the State.

21. The forensic examinations conducted in this case revealed that the children were dirty. However, Dr. Barton did not find any signs or symptoms consistent with abuse or severe neglect.

22. Following their removal, the Minor Plaintiffs were separated and placed in foster care, where they remained until December 8, 2017, when the juvenile dependency case was dismissed.

# FIRST CLAIM FOR RELIEF
## Violation of Civil Rights (42 U.S.C. §1983) (Fourth Amendment)
### By Minor Plaintiffs Z.I., L.I., And D.I. Against Defendants Mouser, Johnson And Does 1 Through 10

23.     Plaintiffs re-allege, adopt and incorporate as if set forth at length all paragraphs hereinabove.

24.     On August 16, 2017, Defendants Mouser, Johnson and Does 1 through 10, inclusive, and each of them, were acting under color of state law when they knew, agreed, and thereby conspired, to unlawfully detain, question, and/or remove Plaintiff Minors, and did so without proper reason, authority, or court order, without reasonable or probable cause, and with deliberate indifference to the rights of said Plaintiffs. *See, e.g., Rogers v. County of San Joaquin*, 487 F.3d 1288 (9th Cir. 2007).

25.     The aforesaid Defendants, and each of them, conspired to interfere with and did violate the civil rights of Plaintiff Minors, as set forth under 42 U.S.C. §1983, found in the Fourth Amendment of the United States Constitution, by, but not limited to, acting and conspiring to remove, detain and continue to detain, the person and/or physical and legal custody of the Plaintiff Minors, from the care, custody, and control of their parents, without proper or just cause and/or authority, without parental consent, and without court order, all of which was in violation of Plaintiff Minors' Fourth Amendment right against unreasonable searches and seizures.

26.     As a direct result of these Defendants' violation, and in accordance with 42 U.S.C. §1983, Plaintiff Minors' civil rights have been violated in that they have suffered and will continue to suffer damages, including but not limited to, physical and/or mental anxiety and anguish, as well as to incur attorney's fees, costs, and expenses in the underlying case and in the matter, as authorized by 42 U.S.C. §1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

27. Said individual Defendants' wrongful conduct as herein alleged was intentional, done with malice, and with conscious disregard for the rights of the Plaintiff Minors, and as a result of their despicable conduct, Plaintiff Minors are entitled to recover punitive damages from said individual Defendants' wrongful acts in the amount of Defendants' wealth.

## SECOND CLAIM FOR RELIEF
**Violation of Civil Rights Under 42 U.S.C. §1983 (First, Fourteenth Amendment) – By All Plaintiffs Against Defendants MOUSER, JOHNSON, and Does 1 through 10, Inclusive**

28. Plaintiffs reallege, adopt and incorporate, as if set forth at length, and to the extent applicable, all paragraphs set forth hereinabove.

29. On August 16, 2017, Defendants Mouser, Johnson, and Does 1 through 10, inclusive, and each of them, as alleged herein, were acting under color of state law when they wrongfully acted or failed to act and conspired together as set forth herein.

30. Defendants Mouser, Johnson, and Does 1 through 10, inclusive, and each of them, knew, agreed, and thereby conspired, to unlawfully detain Plaintiff Minors from their parents on August 16, 2017, including without just cause or authority, without imminent threat of serious bodily injury in the time it would take to obtain a warrant, and without court order, thereby depriving Plaintiffs of their procedural due process rights secured to them under the Fourteenth Amendment of the United States Constitution as to their rights to procedural due process of law, including by not implementing and/or following, or by ignoring, the procedural safeguards required to satisfy due process.

31. The aforesaid Defendants, and each of them, further conspired to interfere with and violate Plaintiffs' civil rights, as set forth under 42 U.S.C. §1983, as to Plaintiffs' substantive due process rights protected by the Fourteenth Amendment of the United States Constitution, including as to their liberty interests in the right of familial association by, but not limited to, acting and conspiring to remove, detain, and continue to detain, the person and/or physical and legal custody of the Plaintiff Minors from the

care, custody, and control of their parents, without proper or just cause and/or authority. Such actions were undertaken without reasonable or probable cause, and with deliberate indifference to Plaintiffs' rights and/or in failing to correct the wrongful conduct of the other Defendants.

32. The aforesaid Defendants, and each of them, conspired to interfere with and violate Plaintiffs' civil rights, as set forth under 42 U.S.C. §1983, as to Plaintiffs' rights protected by the First Amendment of the United States Constitution, including as to their right to a family relationship free from unwarranted state interference and right to be free from retaliatory government action, by, but not limited to, acting and conspiring to remove, detain, and continue to detain, the person and/or physical and legal custody of the Plaintiff Minors from the care, custody, and control of their parents, without proper or just cause and/or authority.

33. As a direct result of Defendants' violation, and in accordance with 42 U.S.C. §1983, Plaintiffs' civil rights have been violated in that they have suffered, and will continue to suffer damages, including but not limited to, physical and mental anxiety and anguish; as well as to incur attorney's fees, costs, and expenses in the underlying case and in the matter, as authorized by 42 U.S.C. §1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

34. Defendants' wrongful conduct as herein alleged was intentional, done with malice, and with conscious disregard for Plaintiffs' rights, and as a result of their despicable conduct, Plaintiffs are therefore entitled to recover punitive damages from said Defendants' wrongful acts in the amount of the Defendants' wealth.

////

////

////

////

## THIRD CLAIM FOR RELIEF

**Violation of Civil Rights Under 42 U.S.C. § 1983 -- By All Plaintiffs Against Defendants MOUSER, JOHNSON, BARTON, ST. LUKE'S, and Defendants Does 11-20**

35. Plaintiffs allege, and to the extent applicable, incorporate herein as if set forth in full, all paragraphs set forth hereinabove.

36. Plaintiffs are informed and believe and based thereon allege that Defendants MOUSER, JOHNSON, BARTON, ST LUKE'S and Does 11 through 20, inclusive, and each of them, knew and agreed, and thereby conspired, to cause and allow Plaintiff Minors to be subjected to unlawful medical procedures, including examinations, and specifically including an invasive forensic sexual abuse investigations, without proper and just warrant after due process, without reasonable cause, without parental consent or presence, without exigency, and without urgent medical need or need to preserve evidence, while in the care and custody of the State. Plaintiffs are further informed and believe, and based thereon allege, that Defendants MOUSER, JOHNSON, BARTON, ST. LUKE'S and DOES 11 through 20 acted with deliberate indifference to Plaintiffs' rights in so acting.

37. Defendants MOUSER, JOHNSON, BARTON, ST. LUKE'S and DOES 11 through 20 conspired to interfere with and violate Plaintiffs' civil rights, as set forth under 42 U.S.C. §1983, including violation of the rights of the Plaintiff Minors found in the Fourth Amendment and all Plaintiffs' rights found in the Fourteenth Amendment of the United States Constitution. Such conduct includes, but is not limited to, acting, conspiring and allowing and causing Plaintiff Minors to be subjected to unlawful medical procedures, including examinations, without valid warrant or order after due process and notice and opportunity to be heard, without reasonable and just cause, without parental consent or presence, without exigency, and without urgent medical need or need to preserve evidence. Defendants MOUSER, JOHNSON, BARTON, ST. LUKE'S and DOES 11 through 20 knew, or should have known, Plaintiffs' constitutional rights were

clearly established and that by so acting, they were violating and interfering with Plaintiffs' constitutional liberty interests, including their right to familial association and their procedural due process rights under the Fourteenth Amendment, as well as violating Plaintiff Minors' Fourth Amendment rights against unreasonable searches and seizures.

38. Defendants MOUSER, JOHNSON, BARTON, ST. LUKE'S and DOES 11 through 20 knew that Plaintiffs' rights would be violated and that their actions would result in the unlawful physical examination of Plaintiff Minors without their parents' consent or presence or without a valid court order.

39. As a direct result of the aforesaid conduct of Defendants MOUSER, JOHNSON, BARTON, ST. LUKE'S and DOES 11 through 20, and in accordance with 42 U.S.C. § 1983, Plaintiffs' civil rights were violated in that they have suffered, and will continue to suffer, damages, including, but not limited to, constitutional injury, violation of human dignity, physical and/or mental anxiety and anguish; as well as to incur attorney's fees, costs and expenses in this matter, as authorized by 42 U.S.C. §1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

40. The conduct of Defendants MOUSER, JOHNSON, BARTON, ST. LUKE'S and DOES 11 through 20 as herein alleged was intentional, done with malice, and/or with conscious disregard for Plaintiffs' rights. As a result of Defendants' despicable conduct, Plaintiffs are entitled to recover punitive damages from Defendants MOUSER, JOHNSON, BARTON, ST. LUKE'S and DOES 11 through 20 for the purposes of punishing said Defendants and to deter others from such conduct in the future.

### FOURTH CLAIM FOR RELIEF
### MONELL RELATED CLAIMS By Plaintiffs Against ACSD and DOES 21 through 50

41. Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent applicable, all paragraphs set forth hereinabove.

42. At all relevant times herein, Defendant ACSD established and/or followed policies, procedures, customs and/or practices (hereinafter collectively referred to as "policy" or

"policies"), which were the cause of violation of Plaintiffs' constitutional rights granted to them pursuant to 42 U.S.C. §1983, as well as the case of *Monell v. New York City Department of Social Services*, 436 U.S. 658(1978), including those under the First, Fourth, and Fourteenth Amendments, but not limited to:

 a. The policy of using coercive, intimidating, abusive, demeaning, and improper conduct during their investigation of Plaintiffs, including using the threat of removal of Plaintiff Minors when no basis for removal was present;

 b. The policy of detaining and/or removing children from their parents without exigent circumstances (imminent danger of serious bodily harm from that parent(s)), court order and/or consent of their parent or legal guardian, and without consideration of less restrictive methods (in violation of *Mabe v. County of San Bernardino*, 237 F.3d 11001 (9th Cir. 2001); *Wallis v. Spencer*, 202 F.3d 1126 (9th Cir. 2000); *Rogers v. County of San Joaquin*, 487 F.3d 1288 (9th Cir. 2007), and other applicable case and statutory law);

 c. The policy of interviewing minors without their parents' knowledge, consent, and presence, without Court order and without justification;

 d. The policy of conducting medical procedures, including examinations, on children removed from their parents without exigent circumstances, court order or warrant, or parental consent; and without notice to or the presence of the children's parents, in violation of the Constitutional rights of children and their parents, as discussed in *Wallis v. Spencer*, 202 F.3d 1126 (9th Cir.2000), *Greene v. Camreta*, 588 F.3d 1011 (9th Cir.2009), and as confirmed in *Mann v. County of San Diego*, 907 F.3d 1154 (9th Cir.2018).

 e. By acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train its officers, agents and employees, in providing the Constitutional protections guaranteed to individuals, including those

under the First, Fourth, and Fourteenth Amendments, when performing actions related to child abuse and neglect, and dependency type proceedings.

f.  The policy of acting with deliberate indifference in failing to correct the wrongful conduct of other employees failing to provide the Constitutional protections guaranteed to individuals, including those under the First, Fourth, and Fourteenth Amendments, when performing actions related to child abuse and neglect, and dependency type proceedings.

(The list is not exhaustive due to the pending nature of discovery and the privileged and protected records of investigative and juvenile records.)

43. Defendant ACSD had a duty to Plaintiffs at all times to establish, implement, train and follow policies, procedures, customs and/or practices (policy or policies) which confirm and provide for the protections guaranteed them under the United States Constitution, including the First, Fourth, and Fourteenth Amendments; to use reasonable care to select, supervise, train, control and review the activities of all agents, officers, and employees in their employ; and further, to refrain from acting with deliberate indifference to the Constitutional rights of Plaintiffs herein so as to not cause them the injuries and damages alleged herein.

44. Defendant ACSD breached its duties and obligations to Plaintiffs, including but not limited to, failing to establish, implement, and follow the correct and proper Constitutional policies, procedures, customs, and practices; by failing to properly select, supervise, train, control, and review their agents and employees as to their compliance with Constitutional safeguards; including by permitting the individually named Defendants, and Does 1 through 10, Inclusive, to engage in the unlawful and unconstitutional conduct as herein alleged.

45. Defendants knew, or should have known, that by breaching the aforesaid duties and obligations, it was foreseeable that they would, and did, cause Plaintiffs to be injured and damaged by their wrongful policies and acts as alleged herein and that such breaches

occurred in contravention of public policy and as to their legal duties and obligations to Plaintiffs. Plaintiffs are informed and believe that Defendant ACSD continues these wrongful policies and acts and will do so unless and until it is enjoined by this Court.

46. These actions, or inactions, of Defendants are the legal cause of injuries to Plaintiffs as alleged herein; and as a result thereof, Plaintiffs have sustained general and special damages, as well as incurring attorney's fees, costs, and expenses, including those as authorized by 42 U.S.C. §1988, to an extent and in an amount subject to proof at trial.

## FIFTH CLAIM FOR RELIEF

### INJUNCTIVE RELIEF Against All Defendants - By All Plaintiffs

47. Plaintiffs reallege, adopt, and incorporate, as if set forth at length, and to the extent applicable, all paragraphs set forth hereinabove.

48. As stated herein, Plaintiffs, as citizens and individuals, are protected by the laws and Constitution of the State of Idaho, as well as those of the United States, including the First, Fourth and Fourteenth Amendments thereto of the United States Constitution, and are subject to Defendants' further violations of their right as described herein.

49. As stated herein, Defendants have wrongfully and unlawfully, and with deliberate indifference to the aforesaid rights of Plaintiffs and to Defendants' duties and obligations to Plaintiffs, practiced and/or adopted policies, practices, procedures, and/or customs which are in violation of the Constitutional rights of Plaintiffs, including the right to be free from governmental interference as to their familial associations and from unreasonable searches or seizures, including, those relating to child abuse allegations and related actions and proceedings in investigations and proceedings.

50. Defendants have failed to acknowledge their improper, unlawful, and unconstitutional actions, conduct and policies at the time of the subject incidents herein and Plaintiffs are informed and believe, and on that basis allege, that presently Defendants have not changed or modified such actions, conduct, and/or policies to conform to law.

51. Defendants' wrongful and unlawful conduct, actions and/or policies, unless and until enjoined and restrained by order of the court, will cause, and continue to cause, great and irreparable injury to Plaintiffs, and other individuals and citizens, in that Defendants will continue to act in accordance with said unlawful policies, and with deliberate indifference to their duties and obligations under the laws and Constitution of the United States including the Fourth and Fourteenth amendments as herein alleged.

52. Plaintiffs have no adequate remedy at law to prevent or prohibit Defendants from continuing, and/or repeating, their unlawful and unconstitutional conduct and policies other than through injunctive relief, and therefore seek an order enjoining and prohibiting Defendants from, but not limited to, the following:

    a. From failing to establish, implement, and follow policies, procedures, customs and practices which are consistent with the Constitution of the United States and federal and state law as to conducting medical procedures, including examinations and testing of children while conducting dependency investigations and proceedings of minor children in alleged child abuse or neglect matters. Specifically, Plaintiffs seek an order enjoining and prohibiting Defendants from conducting medical procedures, including examinations and testing of children, in the absence of exigency, warrant or court order, or parental consent, and from conducting medical procedures, including examinations and testing of children, in the absence of notice to the parents and an opportunity to be present at said examinations.

    b. From failing to establish, implement, and follow policies, procedures, customs and practices which are consistent with the Constitution of the United States and federal and state law as to the removal of children from the care and custody of their parents and/or guardians. Specifically, Plaintiffs seek an order enjoining and prohibiting Defendants from removing children from their parents and/or guardians, in the absence of court order or warrant, without articulable

evidence that the child is in imminent danger of serious bodily injury in the time it would take to obtain a warrant; and that Defendants must be able to establish that removal is the least restrictive method available to protect the child.

c.  From failing to properly supervise, manage, control, and direct the activities of their officers, agents and employees as to their compliance with those principles mandated by the First, Fourth, and Fourteenth Amendments to the United States Constitution and laws in their conduct of child abuse and neglect investigations and proceedings, including those as to the right of privacy, rights of parents as to the care and custody of their children without unjustified state interference, the rights of parents to make medical decisions for their children, the rights of children to be free from unwarranted searches and seizures.

d.  From such other prohibited and unlawful conduct as set forth herein.

## PRAYER

WHEREFORE, Plaintiffs request trial by jury and pray judgment against Defendants as follows:

**First, Second and Third Claims for Relief**

1. General damages and special damages according to proof;
2. Punitive Damages against the individual defendants.
3. Attorney's fees, costs and expenses pursuant to 42 U.S.C. §1988, and any other appropriate statute;
4. Costs of suit incurred herein;
5. For a Jury Trial on all issues; and
6. Such further relief as the Court deems just and proper.

**Fourth Claim for Relief**

1. General damages and special damages according to proof;
2. Injunctive Relief;

3. Attorney's fees, costs and expenses pursuant to 42 U.S.C. §1988, and any other appropriate statute;

4. Costs of suit incurred herein;

5. For a Jury Trial on all issues; and

6. Such further relief as the Court deems just and proper.

**Fifth Claim for Relief**

1. Injunctive relief, as allowed by law (including preliminary injunctive relief based upon separate application).

2. Attorney fees, costs, penalties and expenses as authorized by 42 U.S.C. §1988, and other applicable laws, according to proof.

3. Any other and further relief that the Court considers proper.

DATED:  August 12, 2019        BEVIS THIRY & SCHINDELE P.A

                                       *s/ Ryan P. Henson*
                                       RYAN P. HENSON, Attorney for Plaintiffs