**JAN M. BENNETTS**
ADA COUNTY PROSECUTING ATTORNEY

**ERICA J. WHITE**
Deputy Prosecuting Attorney
**DAVID A. ROSCHECK**
Deputy Prosecuting Attorney
Civil Division
200 W. Front Street, Room 3191
Boise, ID 83702
Telephone: (208) 287-7700
Facsimile: (208) 287-7719
Idaho State Bar Nos. 7475 and 9008
Email: civilpafiles@adaweb.net

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| DUSTIN INGRAM, FELISHA INGRAM, and L.I., Z.I., and D.I., minors, by and through their Guardian ad Litem, Seth Downham,<br><br>Plaintiffs,<br><br>v.<br><br>KATIE MOUSER, ADA COUNTY SHERIFF'S DEPARTMENT, JESSICA JOHNSON, ST. LUKE'S CHILDREN'S HOSPITAL, AMY L. BARTON, M.D., DAVE JEPPESEN, LORI WOLFF, MIREN UNSWORTH, and DOES 1 through 20 and 24 through 50 Inclusive,<br><br>Defendants. | Case No. 1:19-cv-00308-REB<br><br>**ADA COUNTY SHERIFF'S DEPARTMENT AND JESSICA JOHNSON'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

**COME NOW** Defendants Jessica Johnson and the Ada County Sheriff's Department by and through their counsel, the Ada County Prosecuting Attorney's Office, Civil Division, and in

ADA COUNTY SHERIFF'S DEPARTMENT AND JESSICA JOHNSON'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL – PAGE 1

answer to Plaintiffs' First Amended Complaint for Damages, admits, denies, and alleges as follows:

## FIRST DEFENSE

These Defendants deny each and every allegation of Plaintiffs' Complaint not specifically and expressly admitted herein.

## SECOND DEFENSE

1. Answering Paragraph 1 of Plaintiffs' Amended Complaint, these Defendants admit that this Court has jurisdiction over Claims One through Four. Defendants deny that this Court has jurisdiction over Claim Five as the Plaintiffs lack standing.

2. Answering Paragraph 2 of Plaintiffs' Amended Complaint, these Defendants admit that Seth Downham has been appointed Guardian ad Litem for minors L.I., Z.I., and D.I. in this matter. These Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

3. Answering Paragraph 3 of Plaintiffs' Amended Complaint, these Defendants state that this allegation pertains to other Defendants. To the extent these Defendants are required to respond, these Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

4. Answering Paragraph 4 of Plaintiffs' Amended Complaint, these Defendants state that these allegations pertain to other Defendants. To the extent these Defendants are required to respond, these Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

5. Answering Paragraph 5 of Plaintiffs' Amended Complaint, these Defendants state that these allegations pertain to other Defendants. To the extent these Defendants are required to

respond, these Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

6. Answering Paragraph 6 of Plaintiffs' Amended Complaint, these Defendants state that these allegations pertain to other Defendants. To the extent these Defendants are required to respond, these Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

7. Answering Paragraph 7 of Plaintiffs' Amended Complaint, these Defendants deny that the Ada County Sheriff's Department ("ACSD") was and is a public entity organized and existing in the State of Idaho.

8. Answering Paragraph 8 of Plaintiffs' Amended Complaint, these Defendants admit that Jessica Johnson was a Detective with Ada County and was and is an employee of Ada County.

9. Answering Paragraph 9 of Plaintiffs' Amended Complaint, these Defendants deny that ACSD contracts with St. Luke's to operate the Children At Risk Evaluation Services ("CARES") unit. These Defendants further state that the remaining allegations pertain to other Defendants. To the extent these Defendants are required to respond, these Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

10. Answering Paragraph 10 of Plaintiffs' Amended Complaint, these Defendants deny that Defendant Amy Barton was employed by or contracted by ACSD at the CARES unit and denies that she was an agent and/or employee of ACSD. These Defendants state that the remaining allegations pertain to other Defendants. To the extent these Defendants are required

to respond, these Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

11. Answering Paragraph 11 of Plaintiffs' Amended Complaint, these Defendants are without information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

12. Answering Paragraph 12 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

13. Answering Paragraph 13 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

14. Answering Paragraph 14 of Plaintiffs' Amended Complaint, upon information and belief these Defendants admit the allegations contained therein.

15. Answering Paragraph 15 of Plaintiffs' Amended Complaint, upon information and belief these Defendants admit that the Ingram family was living in an RV in a park in August 2017. These Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

16. Answering Paragraph 16 of Plaintiffs' Amended Complaint, upon information and belief these Defendants admit these allegations.

17. Answering Paragraph 17 of Plaintiffs' Amended Complaint, upon information and belief these Defendants admit these allegations.

18. Answering Paragraph 18 of Plaintiffs' Amended Complaint, Defendants admit that on August 16, 2017, social worker Katie Mouser returned to the Ingram trailer, this time with Detective Johnson. Felisha allowed Mouser and Johnson to enter the residence. Mouser and Johnson observed the residence. Johnson observed that it was filthy, cluttered, and had a

foul smell. The toilet was full of urine and feces. Even after Felisha flushed the toilet it remained stained and crusted with feces. It was noted that there was old food lying around the trailer and an open jar of peanut butter on the counter. The children were filthy with matted hair and were foul smelling. Detective Johnson reasonably believed the children were being neglected, abused, being subject to a hazardous environment, and were in imminent danger of serious bodily harm. Defendants Mouser and Johnson did find signs of abuse and that the children were in imminent danger of serious bodily injury.

19. Answering Paragraph 19 of Plaintiffs' Amended Complaint, Detective Johnson made the decision to remove the children from the home following her observations of the home and the children. She had not made that determination prior to her arrival that day. Defendants deny that an appointment was arranged prior to Detective Johnson's arrival that day. Rather, after Detective Johnson made the determination that removal was necessary on August 16, 2017, she called to schedule the appointment.

20. Answering Paragraph 20 of Plaintiffs' Amended Complaint, Defendants admit that the children were removed from their parents' care, custody, and control pursuant to Idaho Code § 16-1608. Defendants did not have a warrant or prior court order as they were not required to. Prompt removal was necessary to prevent serious physical or mental injury to the children.

21. Answering Paragraph 21 of Plaintiffs' Amended Complaint, Defendants admit that the children were taken by Defendant Mouser to St. Luke's CARES unit where Dr. Barton completed an exam. Detective Johnson did not accompany them in the car nor was she present at the St. Luke's CARES unit when the children were taken in or examined. Upon information and belief, Dr. Barton determined the extent and necessity of the exam. These Defendants are

without sufficient information to admit or deny the extent of the examinations. Upon information and belief, these Defendants admit that the examinations were conducted without court order, warrant, and without notice to, consent of, or the presence of either Dustin or Felisha.

22. Answering Paragraph 22 of Plaintiffs' Amended Complaint, Defendants deny that ACSD has a contract or agreement with St. Luke's to conduct medical examinations on children removed from their parents' custody. Defendants deny that ACSD directs the way in which St. Luke's conducts the medical examinations. These Defendants deny any remaining allegations.

23. Answering Paragraph 23 of Plaintiffs' Amended Complaint, Defendants admit that Dr. Barton found that the children were filthy and foul smelling – possibly the worst she had seen in over two decades. These Defendants deny that Dr. Barton did not find any signs or symptoms consistent with abuse or neglect.

24. Answering Paragraph 24 of Plaintiffs' Amended Complaint, upon information and belief, these Defendants admit these allegations.

25. Answering Paragraph 25 of Plaintiffs' Amended Complaint, it does not require a response but to the extent it does, these Defendants deny the same.

26. Answering Paragraph 26 of Plaintiffs' Amended Complaint, these Defendants admit that Defendant Johnson was an employee of Ada County at all relevant times herein, and to the extent that her actions were within the course and scope of her employment, such would likely be considered to be under color of state law. These Defendants deny the remaining allegations.

27. Answering Paragraph 27 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

28. Answering Paragraph 28 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

29. Answering Paragraph 29 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

30. Answering Paragraph 30 of Plaintiffs' Amended Complaint, it does not require a response but to the extent it does, these Defendants deny the same.

31. Answering Paragraph 31 of Plaintiffs' Amended Complaint, these Defendants admit that Defendant Johnson was an employee of Ada County at all relevant times herein, and to the extent that her actions were within the course and scope of her employment, such would likely be considered to be under color of state law. These Defendants deny the remaining allegations.

32. Answering Paragraph 32 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

33. Answering Paragraph 33 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

34. Answering Paragraph 34 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

35. Answering Paragraph 35 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

36. Answering Paragraph 36 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

37. Answering Paragraph 37 of Plaintiffs' Amended Complaint, it does not require a response but to the extent it does, these Defendants deny the same.

38. Answering Paragraph 38 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

39. Answering Paragraph 39 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

40. Answering Paragraph 40 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

41. Answering Paragraph 41 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

42. Answering Paragraph 42 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

43. Answering Paragraph 43 of Plaintiffs' Amended Complaint, it does not require a response but to the extent it does, these Defendants deny the same.

44. Answering Paragraph 44 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

45. Answering Paragraph 45 of Plaintiffs' Amended Complaint, these Defendants state that the allegations call for a legal conclusion which does not require a response. To the extent it calls for a response and as to the remaining allegations, these Defendants deny these allegations.

46. Answering Paragraph 46 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

47. Answering Paragraph 47 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

48. Answering Paragraph 48 of Plaintiffs' Amended Complaint, these Defendants state that this allegation pertains to other Defendants. To the extent these Defendants are required to respond, these Defendants are without information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

49. Answering Paragraph 49 of Plaintiffs' Amended Complaint, these Defendants state that this allegation pertains to other Defendants. To the extent these Defendants are required to respond, these Defendants are without information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

50. Answering Paragraph 50 of Plaintiffs' Amended Complaint, these Defendants state that this allegation pertains to other Defendants. To the extent these Defendants are required to respond, these Defendants are without information sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same.

51. Answering Paragraph 51 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

52. Answering Paragraph 52 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

53. Answering Paragraph 53 of Plaintiffs' Amended Complaint, it does not require a response but to the extent it does, these Defendants deny the same.

54. Answering Paragraph 54 of Plaintiffs' Amended Complaint, these Defendants state that the allegations call for a legal conclusion which does not require a response. To the extent it calls for a response and as to the remaining allegations, these Defendants deny these allegations.

55. Answering Paragraph 55 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

56. Answering Paragraph 56 of Plaintiffs' Amended Complaint, these Defendants deny these allegations.

57. Answering Paragraph 57 of Plaintiffs' Amended Complaint, these Defendants deny their actions, conduct and policies, procedures, practices and/or customs were improper, unlawful, or unconstitutional.

58. Answering Paragraph 58 of Plaintiffs' Amended Complaint, these Defendants deny their conduct, actions, and/or policies, procedures, practices and/or customs were improper, wrongful, unlawful, or unconstitutional. These Defendants deny that their conduct, actions, and/or policies, procedures, practices and/or customs caused injury or damages and/or that they will cause injury or damages. These Defendants deny that they have or will act with deliberate indifference.

59. Answering Paragraph 59 of Plaintiffs' Amended Complaint, these Defendants deny the allegations to the extent they require a response.

Answering the "Prayer for Relief" of Plaintiffs' Amended Complaint, this paragraph consists solely of Plaintiffs' request for relief from the court that does not require a response, but to the extent one is required, Defendants deny the same.

### THIRD DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiffs' damages, if any, were proximately caused by the acts or omissions of persons or entities other than these Defendants.

## FIFTH DEFENSE

Plaintiffs' damages, if any, were proximately caused by the Plaintiffs' own acts or omissions.

## SIXTH DEFENSE

Any act or omission of these Defendants was not the proximate cause, nor the cause in fact of the alleged injuries or damages claimed by the Plaintiffs.

## SEVENTH DEFENSE

These Defendants' acts or omissions were undertaken in good faith, without malice, with probable cause, and were justified and responsible under the circumstances.

## EIGHTH DEFENSE

Plaintiffs failed to mitigate their damages.

## NINTH DEFENSE

These Defendants are absolutely immune from suit.

## TENTH DEFENSE

These Defendants are entitled to qualified immunity.

## ELEVENTH DEFENSE

The acts or omissions of these Defendants did not rise to a level of deprivation of a constitutionally protected right.

## TWELFTH DEFENSE

Some or all of Plaintiff's claims are barred by collateral estoppel or res judicata.

## THIRTEENTH DEFENSE

Some or all of the Plaintiff's claims are barred by estoppel or waiver.

## FOURTEENTH DEFENSE

Defendants are entitled to statutory immunity pursuant to Idaho Code § 16-1601 *et seq*.

## FIFTEENTH DEFENSE

Plaintiffs lack standing to bring some or all of their claims.

## SIXTEENTH DEFENSE

The Ada County Sheriff's Department is not a legal entity nor is it a "person" for purposes of § 1983 litigation and cannot be sued as a matter of law.

## SEVENTEENTH DEFENSE

The Plaintiff's alleged injuries and/or damages were proximately caused by the superceding or intervening actions of other persons or entities for which these Defendants are not responsible or liable for.

## EIGHTEENTH DEFENSE

Some or all of Plaintiffs' claims may be barred by their criminal acts or by the doctrine of unclean hands.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations including but not limited to Idaho Code § 5-219, 42 U.S.C § 1983, 42 U.S.C. 1985.

## ATTORNEY FEES

As a direct result of filing of this action, these Defendants have been forced to retain the services of the Ada County Prosecuting Attorney, Civil Division, and have and will continue to incur fees and costs in defense thereof and request that they be granted reasonable attorney fees pursuant to Idaho Code §§ 6-918A, 12-117, 12-121, I.R.C.P 54, 42 U.S.C. 1988, and/or 28 U.S.C. 1927, and all applicable Idaho or Federal law or rules of civil procedure.

ADA COUNTY SHERIFF'S DEPARTMENT AND JESSICA JOHNSON'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL – PAGE 12

**WHEREFORE,** these Defendants pray for judgment as follows:

A.  That Plaintiffs take nothing by way of their Amended Complaint and that it be dismissed against these Defendants.

B.  That judgment be entered in favor of these Defendants on all claims;

C.  That the Court award these Defendants their attorney fees and costs incurred in defense of this action; and

D.  That the Court grant such other and further relief as it deems just in the premises.

**JURY TRIAL IS DEMANDED.**

**DATED** this 13th day of January, 2020.

**JAN M. BENNETTS**
Ada County Prosecuting Attorney

By: _____
Erica J. White
Deputy Prosecuting Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of January, 2020, I served a true and correct copy of the foregoing ADA COUNTY SHERIFF'S DEPARTMENT AND JESSICA JOHNSON'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL to the following person(s) by the following method:

| | |
|---|---|
| Ryan P. Henson<br>Bevis Thiry & Schindele, P.A.<br>412 E. Parkcenter Blvd. #211<br>P.O. Box 827<br>Boise, ID 83701 | ____ Hand Delivery<br>____ U.S. Mail<br>____ Certified Mail<br>_X_ E-file: admin@bevislaw.com |
| Donnie R. Cox<br>Law Office of Donnie R. Cox<br>402 N. Nevada St.<br>Oceanside, CA 92054 | ____ Hand Delivery<br>____ U.S. Mail<br>____ Certified Mail<br>_X_ E-file: drc@drcoxlaw.com |
| Paul W. Leehey<br>Law Office of Paul W. Leehey<br>210 E. Fig Street, Ste. 101<br>Fallbrook, CA 92028 | ____ Hand Delivery<br>____ U.S. Mail<br>____ Certified Mail<br>_X_ E-file: law@leehey.com |
| Steven C. Vosseller<br>Vosseller Law Office<br>110 West A Street, Suite 1075<br>San Diego, CA 92101 | ____ Hand Delivery<br>____ U.S. Mail<br>____ Certified Mail<br>_X_ E-file: steve@vosslawyer.com |
| Robert Berry<br>W. Scott Zanzig<br>Office of the Attorney General<br>954 W. Jefferson – Second Floor<br>Boise, ID 83720 | ____ Hand Delivery<br>____ U.S. Mail<br>____ Certified Mail<br>_X_ E-file: robert.berry@ag.idaho.gov<br>scott.zanzig@ag.idaho.gov |
| St. Luke's Health System<br>c/o Nicole Hancock<br>Stoel Rives LLP<br>101 S. Capitol Blvd., Ste. 1900<br>Boise, ID 83702 | ____ Hand Delivery<br>____ U.S. Mail<br>____ Certified Mail<br>_X_ E-file: nicole.hancock@stoel.com |

By: _____
Legal Assistant

ADA COUNTY SHERIFF'S DEPARTMENT AND JESSICA JOHNSON'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL – PAGE 14