UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DUSTIN INGRAM, FELISHA INGRAM, AND L.I., Z.I., AND D.I., minors, by and through their Guardian ad Litem, Seth Downham,<br><br>Plaintiff,<br><br>KATIE MOUSER, JESSICA JOHNSON, and DOES 1 through 20 and 24 through 50, Inclusive,<br><br>Defendant. | Case No. 1:19-cv-00308-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Katie Mouser's Motion for Leave to File Excess Pages. Dkt. 116. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion will be decided on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons that follow, the Court GRANTS Mouser's Motion for Leave to File Excess Pages. The Ingrams' request to file a sur-reply is DENIED.

## II. BACKGROUND

On October 20, 2022, Defendant Mouser filed a Motion for Leave to File Excess Pages in her reply brief. Dkt. 116. Accompanying Mouser's Motion was her sixteen-page reply. Dkt. 117. Defendant Jessica Johnson filed a notice of her non-opposition. Dkt. 123.

The Ingrams filed a Memorandum in Opposition. Dkt. 122.

At issue is the content of the Reply and whether new arguments were raised, entitling the Ingrams an opportunity to respond. In Mouser's Reply, she cited to her full deposition testimony and Jessica Johnson's deposition as well. Dkt. 117. The deposition testimony was not available when Mouser initially filed her Motion for Summary Judgment because the depositions had not yet been taken. Dkt. 106, at 2. The Ingrams used only portions of the deposition testimony to respond to the arguments presented in Mouser's Motion for Summary Judgment. Dkt. 115. In citing to the full testimony, Mouser expanded on the factual assertions about the events that took place in August of 2017. Dkt. 117.

In their response, the Ingrams argue a sur-reply is appropriate to address the new evidence and arguments if the Court grants Mouser's Motion. Dkt. 122, at 5.

### III. LEGAL STANDARD

"Federal courts have inherent power to control the disposition of the causes on their dockets with economy of time and effort for themselves, for counsel, and for litigants." *Sarkar v. Garland*, 39 F.4th 611, 617 (9th Cir. 2022) (cleaned up).

"While the Federal Rules of Civil Procedure do not expressly permit the filing of a sur-reply, this Court has recognized that a reply brief may justify a sur-reply in appropriate circumstances." *Ocampo v. Corizon*, LLC, 2019 WL 1495251, at *3 (D. Idaho Apr. 4, 2019). Leave to file a sur-reply is discretionary but should be granted "where a valid reason for such additional briefing exists" such as when the movant raises new arguments in its reply brief. *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005). However, sur-replies—in any context—are "highly disfavored, as they usually are a strategic effort

by the nonmoving party to have the last word on a matter." *J.R. Simplot Co. v. McCain Foods USA, Inc.*, 2021 WL 4899465, at *2 (D. Idaho Oct. 20, 2021) (cleaned up).

## IV. ANALYSIS

Given the Court's inherent power to control its docket, and upon finding good cause, the Court will allow Mouser to file her overlength reply.

The Court, however, finds a sur-reply is unwarranted in this instance. The Ingrams contend Mouser's reply introduces new factual assertions. Dkt. 122, at 4. The Ingrams do not specifically identify the arguments they object to and rely on the introduction of the deposition transcripts as "new" evidence. *Id.* Mouser rebuts that assertion and points to the necessity of referring to the deposition transcripts in order to address the arguments raised in the response. Dkt. 117. The key issue is whether the reply actually introduces new arguments or simply expounds upon arguments previously made.

The Ingrams contend Mouser improperly provided the full transcripts of Mouser and Johnson with their reply brief. Federal Rule of Civil Procedure 6(c)(2) provides that "[a]ny affidavit supporting a motion must be served with the motion." In addition, District of Idaho Local Civil Rule 7.1(b)(2) states that the "moving party shall serve and file with the motion affidavits required or permitted . . . and other supporting materials on which the moving party intends to rely."

While neither the Federal nor Local Rules specifically provide for submitting evidence with a reply brief, the District of Idaho has previously held that "[a]lthough the rules do not specifically allow for submission of evidence on reply, where it relates to an argument made in reply to an opposition, the Court often considers the information."

MEMORANDUM DECISION AND ORDER - 3

*Creative Co-Op, Inc. v. Elizabeth Lucas Co., LLC*, 2012 WL 761732, at *6 (D. Idaho Mar. 7, 2021). Further, "precedent establishes that, in the face of new evidence, the court should permit" reply affidavits, "so long as no element of surprise or prejudice is created by doing so." *Doolittle v. Structured Investments Co., LLC*, 2008 WL 5121591, at *3 (D. Idaho Dec. 4, 2008) (quoting *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 477 (6th Cir. 2002)).

In determining whether to consider evidence filed with a reply brief, the Court must evaluate whether the evidence rebuts arguments raised for the first time in the non-moving party's opposition, *Mintun v. Peterson*, 2010 WL 1338148, at *27 (D. Idaho Mar. 30, 2010), or whether it "should have been presented with the opening brief," *Advanced Media Networks LLC v. Row 44 Inc.*, 2014 WL 5760545, at *1 (C.D. Cal. Nov. 4, 2014) (citation omitted).

Here, Mouser's reply responds to the Ingrams' argument regarding the sequence of events in August 2017. With the deposition transcripts of Mouser and Johnson now available and utilized in the Ingrams' response, Mouser's reply included direct quotes and context for the statements. As such, Mouser's reply merely rebuts arguments and does not add new information that should have been included with her opening brief. Accordingly, the Court finds a sur-reply is not necessary with respect to Mouser's reply. *See Hill*, 2005 WL 3031136, at *1. The parties will have an opportunity to be heard and present all arguments at trial.

///

///

///

MEMORANDUM DECISION AND ORDER - 4

## V. ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Defendant Mouser's Motion for Leave to File Excess Pages (Dkt. 116) is GRANTED. Plaintiff's request to file a sur-reply (Dkt. 122) is DENIED.

DATED: February 8, 2023

_____
David C. Nye
Chief U.S. District Court Judge