UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DUSTIN INGRAM; FELISHA INGRAM; and L.I., Z.I., and D.I., minors, by and through their Guardian ad Litem, Seth Downham,<br><br>        Plaintiffs,<br><br>v.<br><br>KATIE MOUSER; JESSICA JOHNSON; and DOES 1 through 20 and 24 through 50 Inclusive,<br><br>        Defendants. | Case No. 1:19-cv-00308-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.    INTRODUCTION

Before the Court is Plaintiffs' Response to and Motion to Reconsider (Dkt. 137), specifically the Court's previous Order (Dkt. 132) granting Defendant Jessica Johnson's Motion to Seal (Dkt. 127). Also before the Court is Johnson's Motion to Seal (Dkt. 160), to which Plaintiffs responded (Dkt. 167), and Johnson replied (Dkt. 170).

The motions are fully briefed and ripe for the Court's review. The Court finds that the decisional process would not be significantly aided by oral argument and will decide the motions on the briefs. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons set forth below, the Court GRANTS Plaintiffs' Motion to Reconsider (Dkt. 137) and DENIES Johnson's Motion to Seal (Dkt. 160).

MEMORANDUM DECISION AND ORDER - 1

## II.  BACKGROUND

These motions to seal concern records from the "State of Idaho Case No. CV01-17-15303 (the Juvenile Court proceedings involving the Minor Plaintiffs)" (the "state case"). Dkt. 137, at 1–2; *see also* Dkt. 170, at 1 ("CP court's Order"). There, the state court granted a motion and ordered that "sealed records" from the state case would be allowed to be viewed, obtained, and used in this case so long as "any records" from the state case are "filed under seal" in this Court. Dkt. 102-13, at 2–3.

Defendant Katie Mouser filed records from the state case in August 2022 and asked the Court to seal those records along with her related "briefing and declarations referencing said [records]." Dkt. 100, at 1. Mouser argued that the related documents should be sealed because they reference the records. Dkt. 100-1, at 2. Plaintiffs responded by arguing that only the records from the state case needed to be sealed per the state court order and that the related briefing and declarations should not be sealed as there is no "compelling reason" or "good cause." Dkt 108, at 1–2. On Reply, Mouser stated that she only desired to be "overly cautious" in her request, but ultimately agreed with Plaintiffs and acknowledged that "there are competing interests at play." Dkt. 111, at 2. On one hand "the presumption of openness of courts" and on the other "the presumption of privacy that is afforded to proceedings under Idaho's Child Protective Act." *Id.*

Johnson filed similar records from the state case on January 20, 2023, and motioned the Court to seal those records, as well as her related Statement of Undisputed Facts and Memorandum in Support of Motion for Summary Judgment. Dkt 127, at 1. Johnson requested her additional documents beyond the records be sealed as they "contain quotes

MEMORANDUM DECISION AND ORDER - 2

from some of the [records] from the underlying child protection case." Dkt. 127-1, at 2. Plaintiffs were given a February 10, 2023, deadline to respond. Before allowing Plaintiffs the opportunity to respond—and under the impression that the parties had stipulated to the motion as Mouser had—the Court prematurely granted the motion on January 24, 2023. Dkt. 132. Prior to the aforementioned deadline Plaintiffs subsequently filed their response on February 6, 2023, and argued the same points as they did against Mouser's Motion to Seal. Dkt. 137, at 3. Further, Plaintiffs moved the Court to reconsider its order granting Johnson's Motion to Seal her Statement of Undisputed Facts and Memorandum in Support of Motion for Summary Judgment. *Id.* at 4.

Johnson has since moved the Court to seal additional documents related to the records from the state case (Dkt. 160) because "they contain quotes from some of the [records] from the underlying child protection case" (Dkt. 160-1, at 2). In their response, Plaintiffs oppose Johnson's motion for, again, the same reasons as above. Dkt. 167, at 3–4. Johnson replied, arguing that the compelling reason for sealing the documents in question (related to both Plaintiffs' Motion to Reconsider and Johnson's new Motion to Seal) is that sealing said documents is a statutory requirement. Dkt. 170, at 3. Johnson further argues that the information contained in the state case records should be sealed, not just the records themselves. *Id.* at 4.

### III. LEGAL STANDARD

#### A. Motions to Reconsider

The Ninth Circuit holds that Motions to Reconsider "should be treated as motions to alter or amend" under Rule 59. *United States v. Asarco Inc.*, 471 F. Supp. 2d 1063, 1066

(D. Idaho 2005); *see Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984). "The court may, on motion, grant a new trial on all or some of the issues— and to any party." Fed. R. Civ. P. 59(e). "It is within the Court's discretion whether such a motion will be entertained." *Idaho v. Freeman*, 507 F. Supp. 706, 712 (D. Idaho 1981); *see also Carroll v. Nakatani*, 342 F.3d 934, 940 (9th Cir. 2003) ("a motion for reconsideration is reviewed for an abuse of discretion"). A motion to reconsider is generally disfavored and cannot be used "to relitigate old matters or to raise arguments that could have been raised before the entry of judgment." *Coffelt v. Yordy*, 2016 WL 9724059, *1 (D. Idaho Nov. 30, 2016). Amending a court's prior order is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll*, 342 F.3d at 945 (cleaned up).

## B. Motions to Seal

There is a general presumption in favor of public access to court records under the First Amendment and common law and compelling reasons must be presented to overcome that presumption. *Forbes Media LLC v. United States*, 61 F.4th 1072, 1077–78, 1081 (9th Cir. 2023). The district courts must "conscientiously balance the interest of the public and the party seeking to keep secret certain judicial records. *United States v. Doe*, 870 F.3d 991, 996 (9th Cir. 2017) (cleaned up). And the Ninth Circuit reviews "de novo whether the public has a right of access to the judicial record of court proceedings" under an abuse of discretion standard." *Id.* (cleaned up).

## IV.  DISCUSSION

While the motions are different—one is a motion to reconsider and the other a

motion to seal—the Court needs to determine essentially the same thing for each. Whether the documents in question, which refer to or quote from the state case records, should be sealed from the public view. The Court will first address Johnson's Motion to Seal (Dkt. 161) and then will address Plaintiffs' Motion to Reconsider (Dkt. 137).

## A. Johnson's Motion to Seal (Dkt. 161)

Johnson has asked the Court to seal her documents which refer to or quote the state case records (Dkt. 161). Johnson's basis for such sealing, as well as her basis for the original sealing that is being reconsidered, are Local Rules 5.3 and 5.5. Dkts. 127, at 1; 160, at 1. She further clarifies that her documents should be sealed as "they contain quotes from some of the [records] from the underlying child protection case." Dkts. 127-1, at 2; 160-1, at 2. The lower court allowed the parties to use records from the underlying child protection case in this case if they were to be filed in this Court under seal.

Although state laws keeping child-protective case records and proceedings private do not govern civil rights cases in federal court, permitting parties "to import confidential documents into federal court and thereby make them public would seriously undermine the state's policy." *Tower v. Leslie-Brown*, 167 F. Supp. 2d 399, 405 (D. Me. 2001) (cleaned up). Accordingly, such state laws provide compelling reasons to grant a motion to seal in a related case brought in federal court. *See T.T. v. Cnty. of San Diego*, 2020 WL 6118781, at *1 (S.D. Cal. Oct. 16, 2020) (permitting juvenile records to be sealed which were statutorily protected under state law).

The Idaho Child Protective Act requires that court records involving juveniles:

shall be available only to parties to the proceeding, persons

> having full or partial custody of the subject child and authorized agencies providing protective supervision or having legal custody of the child. Any other person may have access to the records only upon permission by the court and then only if it is shown that such access is in the best interests of the child; or for the purpose of legitimate research. If the records are released for research purposes, the person receiving them must agree not to disclose any information which could lead to the identification of the child.

Idaho Code § 16-1626. This aligns with the Court's local rule that "if the involvement of a minor child must be mentioned, only the initials of that child should be used" and that "the Court shall not provide public access to the following documents: . . . juvenile records . . . and sealed documents." Dist. Idaho Loc. Civ. R. 5.5(a)(2), (d).

Here, the parties do not dispute that the records from the state court case should be sealed. Rather, Johnson feels that her filings and motions that quote from the sealed records should also be sealed. Parties argue over the meaning of the state court's order and the possibility of redacting the quoted parts of the briefing by looking at parts of the rules and statutes that most support their argument. *See* Dkts. 167, 170.

While there is merit in Johnson's claim that the information in the state case records should be sealed as well, the Court rather looks to the rules and statutes as a whole. The Court finds that this includes not using the child's full name, not providing access to juvenile and sealed records, and not disclosing "any information which could lead to the identification of the child." Idaho Code § 16-1626.

Other information from the juvenile and sealed records may be used so long as the public does not have access to the sealed records, the child is only referred to by their initials, and the quoted material could not be used to identify the child. Otherwise, there is

MEMORANDUM DECISION AND ORDER - 6

no need to seal entire documents outside the records of the state case. Redaction of quotes from those records is also unnecessary unless those quotes would lead to the identification of the child, including the use of the child's name rather than the child's initials.

### B. Plaintiffs' Motion to Reconsider (Dkt. 137)

Plaintiffs request the Court to reconsider its order to seal Johnson's motion and related documents because Plaintiffs were not given the full time allotted to respond. "There are four limited grounds upon which a district court may grant a motion for reconsideration: (1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party presents newly discovered evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) there is an intervening change in the law." *Thomas v. Cassia Cnty.*, 491 F. Supp. 3d 805, 808 (D. Idaho 2020) (cleaned up). The Court finds that not allowing the Plaintiffs an opportunity to respond presents a manifest injustice.

A manifest injustice is "a direct, obvious, and observable error in a trial court, such as a defendant's guilty plea that is involuntary or is based on a plea agreement that the prosecution has rescinded." *Manifest Injustice*, *Black's Law Dictionary* (11th ed. 2019). "Disallowing plaintiffs the opportunity to fully address [an] issue would constitute a 'manifest injustice.'" *de Borja v. Razon*, 340 F.R.D. 400, 409 (D. Or. 2021).

Here, the Court, in the docket, allowed Plaintiffs time to respond to the motion. Then, believing that the parties had jointly stipulated to the sealing motion—similar to how Plaintiffs stipulated to Mouser's motion to seal (*see* Dkts. 100–102, 108, 111, 120)—the Court granted the motion without first allowing Plaintiffs the opportunity to respond (Dkt. 132). Therefore, for the reasons above, the Court will GRANT the Plaintiffs' Motion to

MEMORANDUM DECISION AND ORDER - 7

Reconsider and will ORDER that Johnson's Statement of Undisputed Facts and Memorandum in Support of Motion for Summary Judgment be unsealed.

## V. CONCLUSION

The competing interests at play are the presumptive openness of the courts and the presumptive need of privacy for juvenile proceedings under Idaho's Child Protective Act. The use of sealing documents and records for any other reason is unnecessary and an abuse of the Court.

Johnson's Motion to Seal (Dkt. 160) is DENIED because the documents in question contain only quotes from the records and reveal nothing that would lead to the identification of the child.

Further, given that the original order to seal documents (Dkt. 132), here under reconsideration, was premature and for the reasoning outlined above, the Court GRANTS Plaintiff's Motion to Reconsider (Dkt. 137).

## VI. ORDER

The Court HEREBY ORDERS:

1. Plaintiff's Motion to Reconsider (Dkt. 137) is GRANTED.

    a. Johnson's Statement of Undisputed Facts (Dkt. 129-1) is to be UNSEALED.

    b. Johnson's Memorandum in Support of Motion for Summary Judgment (Dkt. 129) is to be UNSEALED.

2. Defendant Johnson's Motion to Seal (Dkt. 160) is DENIED.

a.  Defendant Johnson's Statement of Disputed Material Facts (Dkt. 161-1) is to be UNSEALED.

b.  Defendant Johnson's Reply in Support of Defendant Jessica Johnson's Motion for Summary Judgment [Dkt. 128] and Response to Plaintiffs' Motion for Partial Summary Judgment [Dkt. 153] (Dkt. 161) is to be UNSEALED.

DATED: August 7, 2023

David C. Nye
Chief U.S. District Court Judge